IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| RUSSELL WAYNE EASON | § | |
| v. | § | CIVIL ACTION NO. 5:14cv129 |
| INMATE HORNBUCKLE, ET AL. | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Plaintiff Russell Eason, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

In November of 2014, Plaintiff was ordered to pay an initial partial filing fee of $16.45, pursuant to 28 U.S.C. §1915(b). He sought reconsideration of this order, which was denied, and an extension of time to comply, which was granted until July 2, 2015. When Plaintiff did not comply, the Magistrate Judge issued a Report recommending the lawsuit be dismissed without prejudice for failure to prosecute or to obey an order of the Court.

In his first set of objections to the Report, Plaintiff contends he has no funds to pay the court costs. He states his brother, Darrell Eason, is retired and draws disability and sends him money when he can, and this is the only time Plaintiff receives any money.

Eason attaches a TDCJ inmate trust account data sheet to his objections. This data sheet shows that Eason received deposits of $110.00 in January of 2015, $60.00 in March, $60.00 in April, $60.00 in May, and $60.00 in June of 2015. He wholly fails to explain why he could not have paid a $16.45 filing fee in any one of these months.

1

In his second set of objections, Eason argues he is indigent. He again states his brother Darrell Eason tries to help him because he, Plaintiff, is a chronic diabetic and heart patient, but Darrell already pays Plaintiff's court costs and "attorney fee sanction" in a state court case. He states the money received from his brother, if not lost in the mail, leaves him about $25 to $30 a month with which to purchase hygiene supplies, a diabetic supplement, and "very limited commissary spending." Plaintiff attaches a commissary receipt dated May 29, 2015; this receipt shows Plaintiff received $60.00 in deposits (under which he hand-wrote "I get half"), of which $24.00 was deducted for court costs and he spent $25.33 at the commissary.

Plaintiff has failed to show good cause why he did not pay the filing fee between January and June of 2015, a period of time in which he received a total of $350.00 in deposits and thus had more than enough to pay a $16.45 filing fee. The fact he has other court fees to pay or he wanted to make purchases at the commissary are not adequate grounds to excuse payment of a statutory filing fee. *See* Atchison v. Collins, 288 F.3d 177, 180 (5th Cir. 2002) (prisoners must pay 20 percent of their monthly income for each case filed). The Seventh Circuit has aptly stated as follows:

> Litigation is not a free good, and its costs are not limited to those who initiate it. They are borne not only by the plaintiff but by the defendant, by the taxpayer, and by parties to other lawsuits in the same court, whose cases may be delayed or may receive less attention from the judge than if the case load were lighter.

Lumbert v. Illinois Department of Corrections, 827 F.2d 257, 259-60 (7th Cir. 1987). The court went on to state that if an inmate does not believe his litigation is worthy of any costs involved which he may be able to assume, he has demonstrated an implied evaluation of the lawsuit which this Court is entitled to honor. Id.

Plaintiff's inmate trust account data sheet shows he has received ample funds in which to pay the initial partial filing fee in the months since he was ordered to pay this fee. He has shown no valid reason for his failure to comply with the Magistrate Judge's order and has failed to prosecute his case. *See also* Dudley v. Pratt, civil action no. 6:07cv320, 2007 U.S. Dist. LEXIS 88946 (E.D.Tex., December 4, 2007) (dismissing lawsuit for failure to prosecute where inmate who received $20.00 per month from his mother claimed he could not pay an initial partial filing fee of $4.01).

2

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections and supplemental objections are overruled and the Report of the Magistrate Judge (docket no. 26) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED without prejudice for failure to prosecute or to obey an order of the Court. It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED this 24th day of September, 2015.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE